**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VICTORIA MANNINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case no. 15-931 (KBJ)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HON. MURIEL BOWSER *et al.*,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS**

On June 17, 2015, Victoria Mannina, on the behalf of herself and as personal representative of the Estate of Paul Mannina, filed this Complaint against Mayor Muriel Bowser, in her official capacity and Thomas Faust, Director of the District of Columbia Department of Corrections in his official capacity (hereinafter, Defendants). Plaintiff's complaint arises from the suicide of Paul Mannina, Plaintiff's husband, on June 18, 2013, at the D.C. Detention Center. The Plaintiff's complaint alleges that the District owed Mr. Mannina "the duty of reasonable care to protect him from harm and ensure his safety" and that duty was breached. Compl. ¶¶ 18-20 (Count I). Plaintiff alleges that, based on the negligence of the "D.C. Jail, the Department of Corrections and the District of Columbia," she suffered financial loss and accrued expenses from the suicide of her husband. Plaintiff's basis for federal court jurisdiction is based on the alleged diversity of the parties. Compl. ¶ 2.

As explained more fully in the accompanying memorandum of points and authorities, the Court should dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1), for failure to join the District of Columbia (District) as a necessary party, and Rule 12(b)(7), for lack of jurisdiction.

Because this is a dispositive motion, it was not necessary to seek plaintiff's consent pursuant to Local Rule 7(m).

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Acting Assistant Deputy Attorney General, Civil Litigation Division

*/s/ Shana L. Frost*
SHANA L. FROST [458021]
Acting Chief,
Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: 741-8934
shana.frost@dc.gov

*/s/ Steven J. Anderson*
STEVEN J. ANDERSON
[D.C. Bar No. 334480]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 741-0569 (fax)
Email: Steve.Anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTORIA MANNINA, | ) | |
| | ) | |
| Plaintiff, | ) | Case no. 15-931 (KBJ) |
| | ) | |
| v. | ) | |
| | ) | |
| HON. MURIEL BOWSER et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed the above-captioned matter on June 17, 2015 alleging state law claims under the District of Columbia survival statute for negligence (Count I), and wrongful death (Count II) arising from the suicide of Plaintiff's husband while incarcerated. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), Defendants respectfully seek dismissal of this matter for failure to join a necessary party and lack of jurisdiction.

## I. FACTS

On June 5, 2013, Plaintiff's decedent, Mr. Mannina and Leslie Perlman, his mistress, had a violent altercation resulting in Ms. Perlman sustaining broken bones in her face. Compl. ¶¶ 10-11. Following the altercation Mr. Mannina returned home, did not go to work the following day, and began drinking heavily. *Id.* ¶ 12. The next morning Mr. Mannina was admitted to Montgomery General Hospital unresponsive with high levels of alcohol, opiates, and Tylenol in his system, and a "changed mental state." *Id.* ¶ 12. On June 7, 2013 Ms. Perlman identified Mr. Mannina as her assailant and he was placed under arrest that afternoon while still under treatment at the hospital. *Id.* ¶¶ 13-14. On or about Sunday, June 9, 2013, Mr. Mannina was

transferred from the hospital to Montgomery County Jail, and was subsequently extradited to the District of Columbia (District). *Id.* ¶ 15.

On June 17, 2013, the Superior Court of the District of Columbia held a preventive detention hearing, and the judge ruled that, notwithstanding concerns raised regarding Mr. Mannina's mental health, Mr. Mannina would be remanded to the D.C. Jail due to concern for the safety of the Complainant, Ms. Perlman. *Id.* ¶ 16. On June 18, 2013, Mr. Mannina took his own life with a razor he had confiscated into his cell. *Id.* ¶ 17.

Plaintiff asserts that Mr. Mannina should have been placed on suicide watch which would have likely saved his life. Compl. ¶ 24. She alleges that due to the negligence of the Defendants Mr. Mannina "suffered extreme mental distress, hopelessness, and mental anguish." *Id.* ¶ 25. Plaintiff further alleges that "as a further and direct proximate cause of Defendants' negligence, Mr. Mannina's, estate lost the probable future earnings and other economic and non-economic damages." *Id.* ¶ 27.

## II. STANDARD OF REVIEW

### 1. Rule 12(b)(7) Failure to Join a Necessary Party

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). In determining whether a party is required, the Court should examine the party's "interest in the controversy," and assess whether Rule 19(a) requires joinder. *See District Supply, Inc. v. Specialty Hospitals of America, LLC*, 878 F. Supp. 2d 13, 22 (D.D.C. 2012) (citing *Obadele v. Kelley*, C.A. No. 80-1844-OG, 1988 WL 40282, at *3 (D.D.C. Apr. 26, 1988)). Rule 19(a) requires that a party subject to service of process, whose joinder would not deprive the Court of jurisdiction, *must* be joined as a party where:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

**2. 12(b)(1) Subject Matter Jurisdiction**

Federal courts have limited jurisdiction, possessing only the power conferred by the Constitution and by statutes enacted by Congress. *Kokkonen v Guardian Life Ins. Co. of America*, 511 U.S. 375,377 (1994). Where a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the burden falls on the plaintiff to prove that the Court has jurisdiction to hear the claim. *Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 191 (D.D.C. 2009) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *see also Larsen v. United States Navy*, 486 F. Supp. 2d 11, 18 (D.D.C. 2007). Additionally, when analyzing whether it has subject matter jurisdiction, the Court is not limited to the allegations in the complaint and may consider matters outside the pleadings. *Delaney*, 659 F. Supp. 2d at 191 (citations omitted). A motion to dismiss must be granted if there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**III. ARGUMENT**

**1. The Court should dismiss Plaintiff's Complaint for failure to name the District of Columbia, a necessary party.**

Plaintiff has failed to name the District as a necessary party. Rather, she has named Mayor Muriel Bowser and Department of Corrections Director Thomas Faust as Defendants in their official capacities only. However, the real party in interest, and the party from whom Plaintiff seeks compensation, is the District. For example, the Complaint "alleges that the District of Columbia government" and its agencies failed in their duty to offer reasonable care to Mr. Mannina, and demands judgment against the District and its subordinate agencies "in the just amount of $1,254,000 plus interest and cost." Compl. ¶ 19 & p.8. Moreover, Plaintiff has not—and indeed cannot—assert any allegations as to any knowledge of the alleged acts or any wrongdoing on behalf of Mayor Bowser or Director Faust. She names them as parties solely in their official capacities. Thus, based on the complaint the Plaintiff seeks relief against the District of Columbia, which is not a party to this case.

Here, Plaintiff seeks damages from the District alone, and not from either named defendant. Because Plaintiff seeks relief from the District, in the District's "absence, the court cannot accord complete relief" to Plaintiff. Fed. R. Civ. P. 19(a)(1)(A). As such, the District is a necessary party and Plaintiff's failure to name the District is fatal to her claims for damages and requested relief. Accordingly, the Court should dismiss this case pursuant to Fed. R. Civ. P. 12(b)(7).

**2. Plaintiff Complaint must be dismissed for lack of diversity.**

Alternatively, even if the Plaintiff were to join the District as a defendant, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Plaintiff alleges that this Court has "diversity jurisdiction" pursuant to 28 U.S.C § 1332 because Plaintiff lives in Maryland, the Mayor resides in the District, and the Department of Corrections is a municipal

agency of the District. Compl. ¶ 2. The federal diversity statute, 28 U.S.C.A. § 1332 provides in relevant part that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--**(1)** citizens of different States." *See* 28 U.S.C. § 1332(a).

Here, Plaintiff asserts only state law claims, and seeks to establish diversity jurisdiction by alleging that Plaintiff resides in Maryland and the official capacity defendants are the Mayor of the District and a District agency. The status of the Defendants, however, does not confer diversity jurisdiction on this Court.

"The Supreme Court has held that states are not subject to diversity jurisdiction under this provision." *Long v. District of Columbia*, 820 F.2d 409, 412-14 (D.C. Cir. 1986). Specifically, in *Postal Telegraph Co. v. Alabama*, the court wrote:

> A state is not a citizen . . . . [Therefore,] a suit between a state and a citizen or corporation of another State is not between citizens of different States [,] and . . . the Circuit Court of the United States has no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States.

155 U.S. 482, 487 (1894).

While Courts have held generally that municipalities, counties, and other political subdivisions of a state are subject to diversity jurisdiction of the federal courts, *Long*, 820 F.2d at 413, the D.C. Circuit has concluded that, for the purposes of diversity jurisdiction, the District bore a greater similarity to a state rather than a municipality. *Id.* at 414 (holding that any other reasoning would be a bizarre characterization of the District of Columbia). Therefore, the District, like the fifty states, is not subject to diversity jurisdiction of the federal courts. *Id.*

Here, Plaintiff names Mayor Bowser and Director Faust solely in their official capacities. Naming a government official in his official capacity, however, is equivalent to bringing a suit against the employer. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore,

since an official capacity suit against an individual is the functional equivalent of a suit against the employer, this is actually a case against the District. Thus, if the District is joined as a party, Plaintiff's claims against Mayor Bowser and Director Faust should properly be dismissed as unnecessary, leaving the District of Columbia as the only remaining defendant,[1] and this matter subject to dismissal for lack of jurisdiction.

Because this Court lacks diversity jurisdiction as the District is the real party in interest and cannot confer jurisdiction on this Court for Plaintiff's state law claims, the Court should dismiss this matter in its entirety.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE

[1] Indeed, official capacity defendants are generally dismissed from lawsuits against the District as official capacity claims are deemed to be redundant. *See e.g.*, *Jefferies v. Dist. of Columbia*, 11-cv-1159, 2013 WL 66085 (D.D.C. Jan. 7, 2013) (dismissing claims against Chief of Police as redundant where District has also been named); *Day v. District of Columbia*, 10-cv-2250 ESH, 2012 U.S. Dist. LEXIS 18213, at *96-97 (D.D.C. Feb. 14, 2012) (dismissing official capacity claims for equitable relief and damages as redundant of claims against the District "for reasons of judicial economy and lack of prejudice"); *Trimble v. Dist. of Columbia*, 779 F. Supp. 2d 54, 58 n. 3 (D.D.C. 2011) (Roberts, J.) (dismissing claims against a District officials "[b]ased upon the understanding that it is duplicative to name both a government entity and the entity's employees"); *Holmes-Ramsey v. District of Columbia*, 747 F. Supp. 2d 32, 42 (D.D.C. 2010) (finding "no reason to deviate" from the "norm" and dismissing claims against the Mayor and District official as duplicative of claims against the District); *Hazel v. Lappin*, 614 F. Supp. 2d 66, 69 (D.D.C. 2009) (summarily dismissing Federal officials sued in their official capacities and treating plaintiffs' *Bivens* action "as if it were brought against the federal government directly"); *Hardy v. District of Columbia*, 601 F. Supp. 2d 182, 186-87 (D.D.C. 2009) (Roberts, J.) ("Because plaintiffs [made] the same claims against the District of Columbia, the same claims against [former District officials] in their official capacities [were] redundant and . . . dismissed"); *see also Price*, 545 F. Supp. 2d at 94 (collecting cases). *But see Johnson v. Dist. of Columbia*, 572 F. Supp. 2d 94, 112 (D.D.C. 2008) (denying a motion to remove Mayor as a named defendant, noting that such removal is permissible but not required), *amended on reconsideration in part* 632 F. Supp. 2d 20 (D.D.C. 2009).

Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Acting Assistant Deputy Attorney General, Civil Litigation Division

*/s/ Shana L. Frost*
SHANA L. FROST [458021]
Acting Chief,
Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: 741-8934
shana.frost@dc.gov

*/s/ Steven J. Anderson*
STEVEN J. ANDERSON
[D.C. Bar No. 334480]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 741-0569 (fax)
Email: Steve.Anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VICTORIA MANNINA, | ) | |
| | ) | |
| Plaintiff, | ) | Case no. 15-931 (KBJ) |
| | ) | |
| v. | ) | |
| | ) | |
| HON. MURIEL BOWSER et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Upon consideration of the Defendants, Muriel Bowser and Thomas Faust, motion to dismiss, the memorandum of points and authorities in support thereof, any opposition thereto, and the entire record herein, and for the reasons in the District's motion, it is this __ day of ________ 2015,

ORDERED, that the Defendants' Motion to Dismiss is GRANTED, and this case is dismissed for lack of subject matter jurisdiction.

______________________________
JUDGE KETANJI BROWN JACKSON

Copies to:

Steve Anderson
John Gordon Bickerman