IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA MANNINA, | ) |
| | ) |
| Plaintiff, | )   Case no. 15-931 (KBJ) |
| | ) |
| v. | ) |
| | ) |
| HON. MURIEL BOWSER *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6) Defendants Mayor Muriel Bowser, Attorney General Karl Racine,[1] and Department of Corrections Director Thomas Faust move to dismiss Plaintiff's Amended Complaint [ECF 8]. In her amended Complaint, Plaintiff sues Mayor Bower and Attorney General Racine in their "official capacity," and Director Faust in both his official and individual capacity.

As explained more fully in the accompanying memorandum of points and authorities, the Court should dismiss this matter because the individual District of Columbia officials, sued in their official capacity, are not proper defendants. The proper Defendant is the District of Columbia, which Plaintiff again fails to name as a party to this matter. Moreover, Plaintiff's claims against Director Faust individually should be dismissed because plaintiff fails to allege a factual basis for recovering from Director Faust. Finally, given that Plaintiff's federal question claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[1] Plaintiff incorrectly refers to the Attorney General of the District of Columbia as "Carl" Racine in her amended complaint.

Because this is a dispositive motion, Local Rule 7(m) is not applicable.

        Respectfully submitted,

        KARL A. RACINE
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        JONATHAN H. PITTMAN
        Acting Assistant Deputy Attorney General, Civil Litigation Division

        */s/ Shana L. Frost*
        SHANA L. FROST [458021]
        Acting Chief,
        Civil Litigation Division Section III
        441 Fourth Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  741-8934
        shana.frost@dc.gov

        */s/ Steven J. Anderson*
        STEVEN J. ANDERSON
        [D.C. Bar No. 334480]
        Assistant Attorney General
        441 Fourth Street, N.W., 6th Floor
        Washington, D.C. 20001
        (202) 724-6607 (phone)
        (202) 741-0569 (fax)
        Email: Steve.Anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA MANNINA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>HON. MURIEL BOWSER et al., )<br>)<br>  Defendant. )<br>) | Case no. 15-931 (KBJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS BOWER AND FAUST'S MOTION TO DISMISS**

Plaintiff filed the above-captioned matter on June 17, 2015 alleging state law claims under the District of Columbia survival statute for negligence (Count I), and wrongful death (Count II) arising from the suicide of Plaintiff's husband while incarcerated. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), Defendants moved to dismiss for failure to join a necessary party and lack of jurisdiction. Plaintiff filed an Amended Complaint (Complaint) naming the Mayor and the Attorney General of the District of Columbia (District) in their official capacities, and the Director of the Department of Corrections (DOC), Thomas Faust both individually and his in his official capacity. In her Amended Complaint, Plaintiff has included an additional claim alleging that Director Faust violated Plaintiff's constitutional rights.

**I.   FACTS**

On June 5, 2013, Plaintiff's decedent, Mr. Mannina, and Leslie Perlman, his mistress, had a violent altercation resulting in Ms. Perlman sustaining broken bones in her face. Compl. ¶¶ 12-13. Following the altercation Mr. Mannina returned home, did not go to work the following day, and began drinking heavily. *Id.* ¶ 14. The next morning Mr. Mannina was admitted to Montgomery General Hospital unresponsive with high levels of alcohol, opiates, and Tylenol in

his system, and a "changed mental state." *Id.* ¶ 15.  On June 7, 2013, Ms. Perlman identified Mr. Mannina as her assailant and he was placed under arrest that afternoon while still under treatment at the hospital.  *Id.* ¶¶ 16-17.  On or about Sunday, June 9, 2013, Mr. Mannina was transferred from the hospital to Montgomery County Jail, and was subsequently extradited to the District.  *Id.* ¶ 18.

On June 17, 2013, the Superior Court of the District of Columbia held a preventive detention hearing, and the judge ruled that, notwithstanding concerns raised regarding Mr. Mannina's mental health, Mr. Mannina would be remanded to the D.C. Jail due to concern for the safety of the Complainant, Ms. Perlman.  *Id.* ¶ 19.  On June 18, 2013, Mr. Mannina took his own life with a razor he had confiscated into his cell.  *Id.* ¶ 20.

Plaintiff asserts that Mr. Mannina should have been placed on suicide watch which would have likely saved his life.  Compl. ¶ 21.  She also alleges that her decedent was allowed to have a razor for shaving pursuant to policies permitted by Director Faust.  *Id.* ¶ 22.  Plaintiff alleges that this policy was unconstitutional and that it was approved by Director Faust.  *Id.* 23.  Plaintiff further alleges that "as a further and direct proximate cause of Defendants' negligence, Mr. Mannina's, estate lost the probable future earnings and other economic and non-economic damages."  *Id.* ¶ 27.

## II.   STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 566 U.S.

2

at 663.  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6)

motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of

entitle[ment] to relief."  *Twombly*, 550 U.S. at 555.  A complaint alleging facts which are

"merely consistent with' a defendant's liability . . . 'stops short of the line between possibility

and plausibility of entitlement to relief.'"  *Iqbal*, 566 U.S. at 678 (quoting *Twombly,* 550 U.S. at

557) (brackets omitted).

### III.    ARGUMENT

**1.  The Court should dismiss Plaintiff's official capacity claims against Mayor Browser, Attorney General Racine and Director Faust.**

Plaintiff's Complaint names Mayor Bowser, Attorney General Racine, and Director Faust

in their official capacity as defendants.  Plaintiff seeks money damages in the amount of

$1,750,000 based on the suicide of her husband.  Compl. at 12.  However, an "official capacity"

claim is not a proper vehicle for awarding monetary damages.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short

and plan statement of the claim showing that the pleader is entitled to relief."  Here, Plaintiff's

Complaint fails to allege any facts that would support a plausible inference that Mayor Boswer,

Attorney General Racine, or Director Faust had any personal involvement the incarceration of

her decedent.  Therefore, there is no basis for Plaintiff's lawsuit against these defendants for

money damages. *See, e.g., Vakassian v. Washington Metro. Area Transit Auth.*, Civ. No. 05-

0741 (JDB), 2005 WL 3434794, at *3-4 (D.D.C. Dec. 14, 2005) ("The claims for damages

against (defendant) in her official capacity are barred because any reward will be paid from the

state treasury.  If a damages award must be disbursed from government coffers, the suit "is no

different than a suit against the State itself"; here, it is essentially a suit against the office of the

chief of WMATA police. …Therefore, the Court dismisses plaintiff's claims for damages

brought against (defendant) in her official capacity."). Thus, the Court should dismiss Plaintiff's "official capacity" claims against Mayor Bowser, Attorney General Racine, and Director Faust.

### 2. Plaintiff has failed to name the District of Columbia, which is an indispensable party to this dispute.

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). In determining whether a party is required, the Court should examine the party's "interest in the controversy," and assess whether Rule 19(a) requires joinder. *See District Supply, Inc. v. Specialty Hospitals of America, LLC,* 878 F. Supp. 2d 13, 22 (D.D.C. 2012) (citing *Obadele v. Kelley*, C.A. No. 80-1844-OG, 1988 WL 40282, at *3 (D.D.C. Apr. 26, 1988)). Rule 19(a) requires that a party subject to service of process, whose joinder would not deprive the Court of jurisdiction, *must* be joined as a party where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

In Defendants' motion to dismiss Plaintiff's original complaint, Defendants argued that Plaintiff's complaint should be dismissed for failure to name an indispensable party, the District. *See* Mem. in Supp. of Mot. to Dismiss at 3-4. The real party in interest—the one from which Plaintiff seeks $1,754,000 in damages—is the District. Rather than name the District as a party in her amended complaint, Plaintiff again names Mayor Bowser in her official capacity, adds the

Attorney General as a party, and also now names Director Faust in his official and individual capacities. Plaintiff has still failed to name the District, and thus this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

   3. **Plaintiff's Count I must be dismissed because Plaintiff fails to allege facts that establish a "plausible" constitutional claim against Director Faust.**

Plaintiff alleges that Director Faust implemented or allowed unconstitutional policies that resulted in the suicide of her decedent. *See* Compl. Count I. Specifically, Plaintiff alleges that Director Faust oversaw and implemented polices that were "subjectively dangerous." Compl. ¶ 33. Plaintiff also alleges that Faust failed to properly train DOC employees. *Id*. Plaintiff does not allege *what* additional training was required, although she implies that razors should not have been given to inmates. Compl. ¶ 2. The Amended Complaint also does not specifically allege what polices Faust allegedly implemented, but implies that DOC should have segregated plaintiff's decedent from other inmates so that he could be observed and prevented from committing suicide, Compl. ¶ 28, and that the staff should not have allowed him to have a razor which he later used to kill himself. *Id*. ¶ 29. Plaintiff claims that Faust was aware that plaintiff was a suicide risk based on police department reports and testimony received during decedent's bond hearing, although there are no facts alleged to support this conclusion.

Plaintiff's Complaint fails to plead facts that make a "plausible claim" against Director Faust in his individual capacity and must be dismissed since there is no alleged personal knowledge of decedent's circumstances or the treatment he received by DOC staff.

In a Section 1983 action, the complaint survives a motion to dismiss if it establishes the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of law, including District of Columbia law. 42 U.S.C. § 1983. An individual may be personally liable under Section 1983 *only* if it is shown that he or she directly

5

participated in the wrongful acts. *See Iqbal*, 566 U.S. at 678; *Cameron v. Thornburgh,* 983 F.2d 253, 258 (D.C. Cir. 1993); *Meyer v. Reno,* 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases); *Price v. Kelly,* 847 F. Supp. 163, 169 (D.D.C. 1994), *aff'd,* 56 F.3d 1531 (D.C. Cir. 1995). Section 1983 provides no basis for recovery on a theory of *respondeat superior.  Ashcroft v. Iqbal,* 556 U.S. at 675; *Rice v. District of Columbia Public Defender Service,* 531 F. Supp. 2d 202, 204 (D.D.C. 2008) (citations omitted). Further, a Section 1983 claim based on a theory of supervisory liability "must allege that the official 'was [directly] responsible for supervising the wrongdoer.'" *Brown v. District of Columbia,* 514 F. 3d 1279, 1285 (D.C. Cir. 2008) (quoting *Haynesworth v. Miller,* 820 F.2d 1245, 1262 (D.C. Cir. 1987)). Moreover, "any § 1983 ... claims against [ ] defendants [ ] whose only relationship to the [ ] litigation is their ultimate supervisory status [ ] must be dismissed." *Meyer,* 911 F. Supp. at 15. This is exactly the case here.

Plaintiff alleges that "as Director of DOC, Defendant Faust has ultimate responsibility for promulgating the rules and procedures for the DOC and for ensuring that those rules and procedures are followed;" Compl. ¶ 30, and that in 2013 there was a rash of suicides at the D.C. jail that was three times the national average. *Id.* ¶ 31. Plaintiff further alleges that there were nine "suicide resistant" cells at the D.C. Jail for a population of 1,739 inmates. *Id.* ¶ 32. Plaintiff also alleges that during an indefinite period beginning in 2011 there were 165 attempted suicides at D.C. Jail. *Id*. ¶ 32. Finally, Plaintiff alleges that defendants had knowledge of decedent's suicidal tendencies from police reports and testimony at decedent's bond hearing. *Id.* ¶ 20.

Plaintiff does not allege facts showing personal involvement by Director Faust with her decedent, but does allege in *conclusory* terms that Director "Faust was aware of the risk posed to the safety of inmates … (and) acted recklessly and with deliberate indifference to the risks … by overseeing and implementing polices that were subjectively dangerous and (by) his failure to

6

adequately train staff that he oversaw." *Id*. 33.  However, Plaintiff does not allege that Faust gave Mr. Mannina a razor, decided to place him in the general population, or was even aware of Mr. Mannina.

Plaintiff alleges that Director Faust was aware of Mr. Mannina precarious mental state based on a police report, and his testimony during his bond hearing.  Compl. ¶ 20.  However, there is no factual support for this conclusion.  There is no allegation that Director Faust attended plaintiff's bond hearing, or read the alleged police report before decedent's suicide.  There are simply no facts that would permit an inference that Director Faust was subjectively aware of decedent's plight or acted with indifference with such knowledge.

Merely alleging that Mr. Faust was the Director of DOC is not enough to establish individual liability under Section 1983.  *Waker v. Brown*, 754 F. Supp. 2d 62, 64 (D.D.C. 2010); *Robertson v. District of Columbia,* CIV.A. 09-1188 RMU, 2010 WL 3238996, at *4 (D.D.C. Aug. 16, 2010) (dismissing a similar claim against the Chief of Police based on a suicide by an arrestee in police custody).  Accordingly, even assuming that the actions in the Complaint were constitutional torts by DOC staff, there is no basis for holding Director Faust vicariously liable.

Plaintiff's Complaint does not identify the constitutional basis for her claim.  However, in cases involving the denial of medical care or the failure to prevent harm, the Eighth Amendment prohibits officials from acting with "deliberate indifference to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *accord Estelle v. Gamble,* 429 U.S. 97 (1976).  For a plaintiff to state a claim that an individual acted with deliberate indifference to the rights of a pretrial detainee, the plaintiff must "allege that officials had subjective knowledge of [a] serious medical need and recklessly disregarded the excessive risk to inmate health or safety from that risk." *Baker v. District of Columbia,* 326 F.3d 1302, 1306 (D.C. Cir. 2003).

7

"[B]ecause deliberate indifference requires the official to have subjective knowledge of the substantial risk of harm, the D.C. Circuit has held that supervisory liability cannot be applied 'absent any allegation that the supervisor in question had actual or constructive knowledge of past transgressions or that the supervisors were aware of clearly deficient training.'" *Hardy v. District of Columbia,* 601 F. Supp. 2d 182, 191 (D.D.C. 2009) (citing *Haynesworth,* 820 F.2d at 1262)); *see also Int'l Action Ctr. v. United States,* 365 F.3d 20, 28 (D.C. Cir. 2004) (stating that "[a] supervisor who merely fails to detect and prevent a subordinate's misconduct ... cannot be liable for that misconduct" because to be liable, "the supervisor[ ] must know about the conduct"). The Supreme Court has explained that "deliberate indifference" requires that an individual "know [ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. Thus, "deliberate indifference describes a state of mind more blameworthy than negligence." *Id*.

Here, the policies that Plaintiff points to do not appear to be unconstitutional on their face. Allowing an inmate to use a razor (for shaving), or placing an inmate in the general population do not, standing alone suggest any unconstitutional activity. This highlights an alternative basis for dismissing Plaintiff's Complaint, *viz*. that Director Faust is entitled to "qualified immunity."

Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of civil trial. An official is entitled to qualified immunity if he is performing discretionary functions and his actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. When qualified immunity is asserted as a defense, a court must determine whether there is a violation of a constitutional right and also whether that right was clearly established. *See Pearson v. Callahan,* 555 U.S. 223

(allowing lower courts to decide in what order the issues should be addressed).  In this case, it is not clearly established that the treatment the decedent received violated any constitutional right. [2]

Here, Plaintiff has failed to allege any facts to assert a plausible claim that Director Faust violated decedent's clearly established rights.  Accordingly, the Court should find that Director Faust has qualified immunity and dismiss Plaintiff's constitutional claim against him.

### 4. The Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims.

Plaintiff Complaint alleges federal jurisdiction based on her Section 1983 claim against Faust.  *See* Compl. ¶ 5 and Count I.  Because the Court should dismiss Plaintiff's constitutional claim, the Court should also dismiss the Plaintiff's common law claims for lack of jurisdiction.  Under 28 U.S.C. § 1367, a district court that has original jurisdiction in a civil action "shall have supplemental jurisdiction over all other claims that are so related."  28 U.S.C. § 1367(a).  A district court has the discretionary authority, however, to decline to exercise jurisdiction over supplemental claims when it has dismissed all claims over which it had original jurisdiction.  *Id.* § 1367(c)(3).  In determining whether to retain or dismiss supplemental state law claims, "the district court is to be 'guided by consideration of the factors enumerated in 28 U.S.C. § 1367(c).'"  *Shekoyan v. Sibley Int'l,* 409 F.3d 414, 424 n. 4 (D.C. Cir. 2005) (citing *Edmondson & Gallagher v. Alban Towers Tenants Assoc.,* 48 F.3d 1260, 1266 (D.C. Cir. 1995)).  Furthermore, district courts are to consider the § 1367(c) factors within the framework of "judicial economy, convenience, fairness, and comity."  *Edmondson & Gallagher,* 48 F.3d at

---

[2] "Where a defendant is entitled to qualified immunity the plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known. The failure to so plead precludes a plaintiff from proceeding further, even from engaging in discovery, since the plaintiff has failed to allege acts that are outside the scope of the defendant's immunity." *Kennedy v. City of Cleveland,* 797 F.2d 297, 299 (6th Cir. 1986), *cert. denied,* 479 U.S. 1103 (1987).

9

1266. "[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Shekoyan,* 409 F.3d at 423–24 (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)).

Should the Court dismiss Plaintiff's claims under § 1983, the Plaintiff's amended complaint contains no further federal causes of action over which this court has original subject matter jurisdiction. Further, the balance of the factors under § 1367(c) weighs in favor of declining to exercise jurisdiction over the plaintiff's state law claims. Because the court has yet to invest substantial time and resources on the state law claim, judicial economy does not favor retaining jurisdiction over these common law claims. *See Shekoyan,* 409 F.3d at 423–24.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Acting Assistant Deputy Attorney General,
Civil Litigation Division

*/s/ Shana L. Frost*
SHANA L. FROST [458021]
Acting Chief,
Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534

Fax:  741-8934
shana.frost@dc.gov

*/s/ Steven J. Anderson*
STEVEN J. ANDERSON
[D.C. Bar No. 334480]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 741-0569 (fax)
Email: Steve.Anderson@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA MANNINA, ) | |
| ) | |
| Plaintiff, ) | Case no. 15-931 (KBJ) |
| ) | |
| v. ) | |
| ) | |
| HON. MURIEL BOWSER et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Upon consideration of the Defendants, Muriel Bowser and Thomas Faust, and Racine's motion to dismiss, the memorandum of points and authorities in support thereof, any opposition thereto, and the entire record herein, and for the reasons in the District's motion, it is this ___ day of _____ 2015,

ORDERED, that the Defendants' Motion to Dismiss is GRANTED, and it is further

ORDERED, that this case is dismissed based on the lack of federal jurisdiction.

                                                                                                        _____
                                                                                                        JUDGE KETANJI BROWN JACKSON

Copies to:

Steve Anderson
John Gordon Bickerman