**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VICTORIA MANNINA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 15-931 (KBJ) |
| ) | |
| v. ) | |
| ) | |
| **HON. MURIEL BOWSER** *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Mayor Muriel Bowser, Attorney General Karl Racine, and Department of Corrections Director Thomas Faust moved to dismiss Plaintiff's Amended Complaint [ECF 8]. As explained below, Plaintiff's Opposition fails to rebut Defendants' motion and therefore the motion should be granted.

In her Amended Complaint, Plaintiff again names Mayor Bower and Attorney General Racine in their official capacities, and Director Faust in both his official and individual capacity. Plaintiff's Opposition fails to rebut or even mention Attorney General Racine's and Director Faust's arguments that they are not proper defendants in their official capacity. Accordingly, their Motion should be granted as unopposed, and the official capacity claims against Faust and Racine should be dismissed.[1]

Plaintiff also concedes that Mayor Bowser is not a proper defendant and that the District of Columbia is the proper defendant. According, Mayor Bowser agrees that it would be proper to dismiss her as a defendant and substitute the District of Columbia ("District") for Mayor Browser. However, should the Court substitute the District for Mayor Bowser, the District

---
[1] Karl Racine's name does not appear in Plaintiff's Opposition.

should be afforded an opportunity to respond to any subsequent amended complaint naming the District as a defendant.

Finally, Plaintiff has failed to rebut Director Faust's motion to dismiss based on qualified immunity. Faust argued that Plaintiff's claims are barred by the fact that Plaintiff fails to allege any facts showing that he personally violated any of Plaintiff's "well established" constitutional rights. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that because there is no *respondeat superior* liability under § 1983, a supervisor cannot be held liable for the constitutional wrongs of subordinate employees.[2] In other words, an official sued under § 1983, whether a supervisory or subordinate official, must have been personally involved in the violation of the plaintiff's constitutionally protected rights. *Id.*

The Supreme Court's holding in *Iqbal* dictates that Director Faust be dismissed as a defendant. In *Iqbal*, the plaintiff alleged that while detained by the United States, where his jailers, without justification, kicked him in the stomach, punched him in the face, dragged him across his cell, and subjected him to serial strip and body-cavity searches, and refused to let him and other Muslims pray because there would be "no prayers for terrorists." *Id.* at 668. Plaintiff alleged that Attorney General Ashcroft and FBI Director Mueller were liable for this alleged misconduct by their subordinates because they knew of, condoned, and willfully and maliciously agreed to subject Iqbal to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest, and that Ashcroft was "the 'principal architect' of this invidious policy," and that Mueller was "'instrumental" in adopting and executing the policy. *Id.* at 669.

---

[2] The Supreme Court's decision in *Iqbal* was the logical extension of its decision in *Monell, v. Department of Social Services*, 436 U.S. 658 (1978), where it held that municipalities may not be held liable under the doctrine of *respondent superior*.

The Supreme Court rejected Iqbal's theory of liability against Ashcroft and Mueller and dismissed the Complaint holding that *facts* showing a "plausible" case of personal liability by supervisory officials is required to withstand a Rule 12(b)(6) motion.  The Court stated that because there is no vicarious liability under § 1983, that supervisory liability is a misnomer. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.  In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, [discriminatory] purpose rather than knowledge is required to impose ... liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities." *Iqbal*, 556 U.S. at 677.

In her Opposition, Plaintiff argues the suicide of her husband could have been avoided if the District's Department of Corrections had different *polices* (*e.g.* not allowing inmates to have razors, even for shaving), better communications (*e.g.* between the police department and the Department of Corrections about court proceedings) or better facilities (*e.g.* more special suicide cells and fewer inmates).  While this may be true, Plaintiff points to nothing that establishes the District's *policies* violated a clearly established right of the Plaintiff,  and that Faust was aware of this.  For example, there is no Supreme Court case, nor is there a "robust consensus" amount the Circuit Courts of Appeals holding that having nine suicide cells, (or less,) violates an incarcerated persons constitutional rights.  *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (explaining how a constitutional right becomes "clearly established" for purposes of qualified immunity).  Moreover, the alleged policies are not unconstitutional on their face.  Accordingly, these alleged rights, if they exist, were not "clearly established" to Faust when Plaintiff's husband committed suicide and therefore they cannot be the basis for holding Faust responsible.

Rather, this case is very similar to *Robertson v. District of Columbia*, CIV.A. 09-1188 RMU, 2010 WL 3238996, at *4 (D.D.C. Aug. 16, 2010). There, Robertson alleged that the Chief of Police was liable for the suicide of Plaintiff's decedent because she was aware of staffing and training deficiencies at the police precinct where the suicide occurred; this is similar to Plaintiff's allegations in this case. However, the *Robertson* Court dismissed the Chief as defendant holding that absent factual allegations showing that "Chief Lanier was subjectively aware of any deficiencies in training, supervision or measures to ensure the safety of detainees like the decedent, the complaint fails to state a § 1983 claim against Chief Lanier for a Fifth Amendment violation." 2010 WL 3238996, at *5.

Moreover, Plaintiff's reliance on *Taylor v. Bakers* is misplaced. Opp. at 8, n.1. There, the Supreme Court extended qualified immunity to the Commissioner of the Delaware Department of Correction, and to a prison Warden, in case where Plaintiff alleged that they violated the Eighth Amendment by failing to prevent an inmate's suicide. The Court held that a Constitutional right "to the proper implementation of adequate suicide prevention protocols" was *not* well established when the suicide occurred and therefore the state officials could not be held personally liable for this suicide. *Taylor*, 135 S. Ct. at 2044. In *Taylor*, the Supreme Court explained why two cases the Circuit Court relied upon did not "clearly established" the alleged Constitutional right. Here, Plaintiff proffers no cases that establish the alleged Constitutional rights. Thus, *Taylor* supports Faust's Motion; a constitutional right "to the proper implementation of adequate suicide prevention protocols" was not well established when Plaintiff's decedent took his life, and therefore Faust is entitled to qualified immunity.

While tacitly admitting that she has no *facts* showing that Faust had the "subjective" intent necessary to find him personally liable for a violation of decedent's constitutional rights

4

(Opp. at 12), Plaintiff nonetheless argues that because she has pointed to problematic *polices* that "dismissal prior to discovery would be in error*.*" *Id*. However, this argument is in direct contradiction of the Supreme Court's jurisprudence interrupting Rules 8 and 12(b)(6). In *Taylor,* the Supreme Court explicitly rejected the notion that state officials can be held liable for constitutional violations because they "*should have known*" about a constitutional violations. The Supreme Court explained that the "should have known" standard is "erroneous in light of *Farmer v. Brennan*, 511 U.S. 825 (1994), which held that Eighth Amendment liability requires actual awareness of risk." *Taylor*, 135 S. Ct. at 2045. As the Supreme Court noted in *Iqbal*, Rule 8, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.[3]

     Plaintiff also appears to believe that by alleging Faust had a "duty" to do certain things, is enough to withstand a motion to dismiss. Hence, Plaintiff claims Faust had a duty to provide medical care to inmates, a duty to protect them from committing suicide and "a duty to communicate adequately with the police, prosecutors and officers of the Court." (Opp. at 7). However, Plaintiff's allegation that Faust had a "duty" is a legal conclusion which cannot satisfy Rule 8's requirement that Plaintiff allege *facts* that make a plausible claim. As explained by the Court in *Gudger v. District of Columbia*, 74 F. Supp. 3d 47, 52 (D.D.C. 2014), "the court begins its consideration of a motion to dismiss by assuming the veracity of "well-pleaded factual allegations ... and then determine[s] whether they plausibly give rise to an entitlement to relief. It does not work the other way around. It is not reasonable for a court to infer a fact from a legal conclusion." *Id.* (internal citation omitted)

---

[3] Plaintiff argues that Faust can be held liable because the Department of Corrections (DOC) was *not* aware that decedent was a suicide risk due to poor communications between the police and the DOC. However, this type of "should have known" argument that was discredited in *Taylor*.

Plaintiff also claims that she alleges a plausible Constitutional claim against Faust because there were several instances of suicide before her husband committed suicide. However, this allegation is also insufficient to make a plausible case against Faust. The circumstances of the prior suicides are not alleged, nor is there any suggestion that Faust had any involvement with these suicides. There is no reason to believe that prior suicides at the D.C. Jail involved circumstances similar to those alleged here, such as razors given to inmates, having only nine suicide cells, or poor communication between the police and the Department of Corrections. It does not make a plausible case that Faust violated the Constitution in this case merely because there were prior suicides at D.C. Jail.

Finally, Plaintiff points to a Commission's negative assessment of the D.C. Jail *after* the suicide of her decedent. Opp. at 7. This evidence adds nothing to the Court's analysis because Director Faust could not have had knowledge the report's findings before it existed. At most, is evidence that Director Faust knew about the possibility of another suicide and took corrective action. But Plaintiff must demonstrate that Director Faust was actually aware of the plight decedent faced. *Taylor*, 135 S. Ct. at 2045. Because Plaintiff has not sufficiently pled a constitutional claim against Director Faust, the Court should grant Director Faust's motion to dismiss.

                                        Respectfully submitted,

                                        KARL A. RACINE
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Acting Assistant Deputy Attorney General,
Civil Litigation Division

*/s/ Shana L. Frost*
SHANA L. FROST [458021]
Acting Chief, Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  741-8934
shana.frost@dc.gov

*/s/ Steven J. Anderson*
STEVEN J. ANDERSON
[D.C. Bar No. 334480]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 741-0569 (fax)
Email: Steve.Anderson@dc.gov