**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VICTORIA MANNINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case no. 15-cv-0931 (KBJ)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**JOINT RULE 16.3 MEET AND CONFER STATEMENT**

Per the Court's August 23, 2016, Order for Initial Scheduling Conference, Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for the parties met and conferred with respect to the matters required by the foregoing authorities.  John Gordon Bickerman participated in the parties' meet and confer on behalf of Plaintiff Victoria Mannina, and Steve Anderson, participated on behalf of Defendant District of Columbia.  The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A.    BRIEF STATEMENT OF THE CASE

Plaintiff:

Plaintiff, Victoria Mannina, has asserted a claim of municipal liability for the violation of her late husband's Fifth Amendment civil rights under 42 U.S.C. § 1983 and asserts a common law claim for negligence arising from the same common nucleus of operative facts as the federal claim.  Plaintiff asserts that the Department of Corrections failed to follow its own policies that would have protected Mr. Mannina, and failed to properly train and supervise DOC employees, Plaintiff asserts that these failures and Defendants' deliberate indifference to Mr. Mannina's safety resulted in his death.

Defendant:

Plaintiff is the wife of Mr. Paul Mannina (decedent).  On June 18, 2013, Mr. Mannina committed suicide, with a razor he had hidden in his cell, while awaiting trial hearing at the District of Columbia ("the District") Jail (the "Jail").  Plaintiff brings state law negligence claims against the District under the District's survival statute, alleging

negligence (Count II) and wrongful death (Count III).   Plaintiff also brings a constitutional claim against the District under 42 U.S.C. § 1983g.

B.      MATTERS DISCUSSED BY THE PARTIES PURSUANT TO LCvR 16.3

1.      *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

Plaintiff:

Plaintiff believes that a dispositive motion on the federal civil rights question can be filed now by relying on a report prepared by the District of Columbia that describes in great detail the policies that the District should have followed but did not.  Discovery on this claim would be limited and might possibly be dispensed with. If the Court grants Plaintiff's summary judgment, then the parties would likely settle Plaintiff's claim without trying the negligence claim.

In the event that the Court does not grant summary judgment on Plaintiff's § 1983 claim, then fact and expert discovery would be necessary to address Plaintiff's constitutional and negligence claims and Plaintiff's demand for compensatory and exemplary damages.  Plaintiff does not believe that summary judgment would dispose of the very fact-specific negligence claim.  This claim involves disputed material facts that would have to be decided by a jury.

For the purposes of judicial economy and efficiency and to avoid needless litigation effort by the parties, the Court should suspend discovery, or, alternatively, limit discovery to the federal claim and allow summary judgment on the federal claim go forward without delay.

Defendant:

Defendant believes that summary judgment will be granted in defendant's favor at the close of discovery.  The Defendant is opposed to Plaintiff's proposed plan which involves filing a motion for summary judgment should his first motion be denied.   Rather, the District proposes that Plaintiff be allowed to conduct whatever discovery he believes is necessary to prove his case then file a motion for summary judgment.  The District believes that Plaintiff cannot establish a violation of his constitutional rights and therefore would likely file a cross motion for summary judgment.   Since the evidence in support of Plaintiff's Section 1983 claim and her negligence claim are the same, it would not seem to be efficient to bifurcate the constitutional and common law claims, as Plaintiff suggests.

2.       *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

         Plaintiff:

         There is no need to join other parties.

         Defendant:

         The District does not see the need to add additional parties.

3.       *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

         Plaintiff:

         Plaintiff prefers to have this Court hear her claims.

         Defendant:

         Defendant does not agree to having the case assigned to a Magistrate judge.

4.       *Whether there is a realistic possibility of settling the case.*

         Plaintiff:

         Plaintiff is willing to discuss settlement at any time.  Plaintiff believes that if liability against the District is determined after a summary judgment motion, settlement of the claims could happen rapidly.

         Defendant:

         Defendant is willing to discuss settlement after dispositive motions have been resolved.

5.       *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

         Plaintiff:

         Ms. Mannina is willing to mediate and would welcome taking advantage of the Court's ADR program.  Plaintiff's counsel has been a member of the Court's

ADR program since its inception in 1989 and recognizes the value of having a neutral mediator assist the parties.

Defendant:

The District agrees with Plaintiff that the Court's ADA program be used to try and settle, if the case is still viable after summary judgment motions have been filed.

6.      *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Plaintiff:

Plaintiff believes that an expedited schedule for filing dispositive motion would promote the efficient resolution of this case. If the Court were to suspend discovery for several months, Plaintiff could file a motion for summary judgment on its constitutional claim by December 31, 2016, and would suggest that the Defendants respond within 45 days, with 15 days for Plaintiff to reply.

Defendant:

Defendant proposes that dispositive motions, should be filed no later than 60 days following the close of discovery; oppositions thereto should be due 60 days after the filing of said dispositive motion; and replies should be due 21 days after filing of oppositions.

7.      *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

Plaintiff:

Plaintiff could make initial disclosures in 15 days but has no objection if the Court sets a longer deadline because the bulk of disclosures would most likely have to be made by Defendant.

Defendant:

Defendant proposes the parties exchange Rule 26(a)(1) Initial Disclosures no later than 30 days after the Initial Scheduling Conference is held.

8.      *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a*

*date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

Plaintiff:

If fact discovery is necessary, Plaintiff suggests 180 days for fact discovery following initial disclosures, followed by 45 days for expert discovery. Plaintiff suggests 40 interrogatories per side is appropriate. Plaintiff seeks leave to take up to 10 non-party non-expert depositions, with additional depositions available by application to the Court. Plaintiff anticipates that a protective order is likely to be required to protect personnel records and medical records.

Defendant:

Defendant suggest 180-days be allowed to complete discovery.  Defendant also believes that 25 interrogatories per side should be adequate given that Rule 26(a)(1) disclosures will be made. The District proposes that the parties be limited to 15 requests for documents, and 15 requests for admissions.  Defendant agrees that 10 non-party depositions is reasonable. Defendant also anticipates that a protective order may be required for personnel records, medical records and other sensitive information covered by the Privacy Act or involving inmates in the District's custody.  The District proposes that a motion for a protective order be filed within 30 days after the scheduling order is entered.

9.      *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

Plaintiff:

Plaintiff proposes that expert disclosures occur pursuant to Fed. R. Civ. P. Rule 26(a)(2) following fact discovery. Plaintiff proposes that expert disclosures be 30 days following the close of fact discovery, with any supplementation seven business days prior to any expert's deposition.

Defendant:

Defendant proposes that any expert disclosures occur pursuant to Fed. R. Civ. P. Rule 26(a)(2).  Defendant proposes that experts be disclosed in accordance with Rule 26(a)(2) and in accordance with the following schedule: (1) Proponent's disclosure(s) be due 60 days after the Initial Scheduling Conference is held, or close of the early mediation period, whichever is later, (2) Opponent's disclosure(s) be due 60 days after the receipt of Proponent's disclosure(s), and (3) any supplementation of any disclosure 10 business days prior to any expert's deposition.

10.   *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

11.   *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

Plaintiff:

Discovery and the dispute should be bifurcated with summary judgment to dispose of the federal claim because there is likely not to be any material facts in dispute.

If the federal claim is not decided in favor of Plaintiff, then it would make sense to go forward with discovery in the negligence claim.

Defendant:

Defendant does not anticipate the need to bifurcate the discovery or trial, at this point.

12.   *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

Plaintiff:

Plaintiff proposes that the scheduling of a pretrial conference be postponed until after disposition of dispositive motions.

Defendant:

Defendant proposes that the date for the Pretrial Conference be set at any post-discovery Status Conference.

13.   *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

Plaintiff:

Plaintiff proposes that the trial date be set at the pretrial conference.

Defendant:

Defendant proposes that the trial date be set at the Pretrial Conference.

14. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

Plaintiff:

Defendant:

None.

Respectfully submitted,

_____

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Jonathan H. Pittman*
Assistant Deputy Attorney General,
Civil Litigation Division

*/s/ Sarah L. Knapp*
SARAH L. KNAPP [470008]
Chief Section, Civil Litigation Division Section III
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6528
sarah.knapp@dc.gov

*/s/ Steve Anderson*
STEVE ANDERSON [334480]
Assistant Attorney General
441 Fourth Street NW, Suite 630 South
Washington, DC 20001
Phone: (202) 724-6607
Fax: (202) 741-5923
steve.anderson@dc.gov

*/s/ Tiffany M. McWane*
Tiffany M. McWane [D.C. Bar No. 985923]

JOHN G. BICKERMAN
Bickerman Dispute Resolution, PLLC
1455 Pennsylvania Ave, NW
Suite 400
Washington, DC 20004
 (202) 289-0400
 jbickerman@bickerman.com

**Counsel for Plaintiff**

Special Assistant Attorney General
441 Fourth Street, N.W., 6th Floor
Washington, D.C. 20001
(202) 724-5680(phone)
Email: Tiffany.McWane@dc.gov

**_Counsel for Defendants_**